IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

MIGUEL ANGEL ALBA ROSARIO,

        *Petitioner*,

v.

ALEXANDER SANCHEZ, Facility Administrator of IAH Secure Adult Detention Facility, in his Official Capacity; FIELD OFFICE DIRECTOR OR ACTING FIELD OFFICE DIRECTOR, Houston Field Office of US. Immigration and Customs Enforcement, in his Official Capacity; DAVID J. VENTURELLA, Director of United States Immigration and Customs Enforcement, in his Official Capacity; MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security, in his Official Capacity; TODD BLANCHE, Acting Attorney General of the United States, in his Official Capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY, and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

        *Respondents*.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 9:26-CV-00444
JUDGE MICHAEL J. TRUNCALE

## ORDER DENYING PETITION FOR HABEAS CORPUS

Before the Court is Petitioner Miguel Angel Alba Rosario (Alba)'s Petition for Writ of Habeas Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Alba is a Cuban national who entered the United States in 2022 and was detained by immigration authorities in December 2025. [Dkt. 1]. An immigration judge ordered Alba's removal to Cuba on March 20, 2026. [Dkt. 1-6 at 4]. On June 16, 2026, Alba brought a habeas corpus petition,

1

claiming that his detention violates federal law. *Id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Post-Removal Detention

Because Alba has already been ordered removed from the United States, 8 U.S.C. § 1231 governs his detention. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Post-removal detention is presumptively valid when fewer than six months have elapsed since the issuance of the detainee's final removal order. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). Alba's Petition indicates that he was ordered removed on March 2, 2026, fewer than six months ago. *See* [Dkt. 1]. Accordingly, his challenge is premature. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

## IV. CONCLUSION

It is therefore **ORDERED** that Alba's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 6th day of August, 2026.**

Michael J. Truncale
United States District Judge